## CIRCUIT COURT OF THE CITY OF NORFOLK

Lawrence J. Smith, Sr.

v.

Thomas Markham

December 5, 1985

Case No. (Law) L-84-387

By JUDGE JOHN W. WINSTON

This court has considered defendant's various motions to strike and to set aside the jury verdict and to grant summary judgment or a new trial to Dr. Markham, has reviewed the memoranda of law presented by counsel, the court's instructions to the jury, and the trial transcript portions written up by the reporter. It has concluded that these motions are without merit and that each should be denied at this time.

But the court agrees with the further position taken by Dr. Markham that the jury verdict award of $1,500,000.00 should be reduced to $750,000.00, that sum being the maximum damage award allowed in Virginia by the provisions of Virginia Code § 8.01-581.15 in effect during March 1982 when the medical practice omission occurred.

It is to be noted that on April 9, 1976, the Virginia legislature approved and enacted the statute which first placed a cap on medical malpractice awards in a court of law. In its preamble to the package of laws which included the cap, the General Assembly explained the factual basis for its belief that they were all necessary enactments by stating that:

Whereas, the General Assembly has determined that it is becoming increasingly difficult for health care providers of the Commonwealth to obtain medical malpractice insurance with

limits at affordable rates in excess of $750,000; and

Whereas, the difficulty, cost and potential unavailability of such insurance has caused health care providers to cease providing services or to retire prematurely and has become a substantial impairment to health care providers entering into practice in the Commonwealth and reduces or will tend to reduce the number of young people interested in or willing to enter health care careers; and

Whereas, these factors constitute a significant problem adversely affecting the public health, safety and welfare which necessitates the imposition of a limitation on the liability of health care providers in tort actions commonly referred to as medical malpractice cases; now, therefore,

Be it enacted by the General Assembly of Virginia:

1. That the code of Virginia is amended by adding sections numbered 8-654.8, 8-654.9, 8-654.10 and 38.1-389.3 and by adding in Title 8 a chapter numbered 39, consisting of sections numbered 8-911 through 8-922.

(1976 Acts of Assembly, Chapter 611)

Code § 8-654.8 (later redesignated as the present Section 8.01-581.15) then read as follows:

Section 8-654.8. *Limitation on recovery in certain actions.* In any verdict returned against a health care provider in an action for malpractice where the act or acts of malpractice occurred on or after April one, nineteen hundred seventy-seven, which is tried by a jury or in any judgment entered against a health care provider in such an action which is tried without a jury, the total amount recoverable for any injury to, or death of, a patient shall not exceed seven hundred fifty thousand dollars.

In interpreting this section, the definitions found in § 8-911 of the Code of Virginia shall be applicable.

Counsel for Reverend Smith rejects these determinations of the Virginia legislature, calling the situation described an "alleged crisis" which never existed in Virginia. For that reason he says that "the (cap) statute does not have any reasonable relation to the stated legislative purpose for the Medical Malpractice Act and is thus unconstitutional." He further recites specifically that it is unconstitutional special legislation and that it violates the concepts of equal protection of the laws and of due process of law.

But every presumption is to be made in favor of an act of the legislature. And it is not to be declared unconstitutional except where it is clearly and plainly so. Courts will uphold acts of a legislature when their constitutionality is debatable, and the burden is upon the assailing party to prove the claimed invalidity.

Further, any constitutional prohibition against special legislation is not violated unless the classification is arbitrary or unreasonable, applies to less than all persons belonging to the class without distinction.

The Virginia Medical Malpractice Act has been previously tested constitutionally. *Diantonio v. Northampton-Accomack Memorial Hospital, et al.*, 628 F.2d 287 (4th Cir. 1980). The issue there was not the cap but instead the requirement that the patient plaintiff submit to the screening of his malpractice claim by a review panel before any damage suit could be filed. The Federal Court held that the Act reviewed did not deny to the plaintiff there the equal protection of the law and that it did not constitute invalid special legislation.

The cap itself has survived various constitutional attacks in other courts as well. See for example *American Bank and Trust Co. v. Community Hospital, etc.*, 683 P.2d 670 (Cal. 1984); *Fein v. Permanente Medical Group*, 695 P.2d 665 (Cal. 1985); *Hoffman v. U.S.*, 767 F.2d 1431 (9th Cir. 1985); and *Johnson v. St. Vincent Hospital, Inc.*, 404 N.E.2d 585 (Ind. 1980). Contra: *Wright v. Central Du Page Hospital Assn.*, 347 N.E.2d 736 (Ill. 1976).

The reasoning in those cases is applicable here. The Virginia legislature supported its Medical Malpractice Act with findings of fact and an expressed concern for the state of the continued health and well being of the citizens of this state in the light of the perceived threat to the public at large. It then spelled out a remedy which it felt was appropriate and believed would

dissipate that threat. That remedy did not run upon the shoal of invalid special legislation amounting to a denial of equal protection. The rational solution adopted to try and eliminate the perceived public threat was also consistent with due process of law. No violation of either federal or state constitutional rights appears.

[Counsel may] present [an] endorsed order overruling defendant Markham's after trial motions as stated, but granting his motion to reduce the jury award to $750,000.00, entering judgment in favor of plaintiff against defendant in that amount with interest running from the date of judgment, and noting objections as appropriate.